UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCHNEIDER FINANCE, INC.                                                                            PLAINTIFF

v.                                                                        CIVIL NO. 3:24-CV-276-DPJ-ASH

JAZZTIQUE LLC and JASMINE CARTER                                                          DEFENDANTS

ORDER

Plaintiff Schneider Finance, Inc. (SFI) seeks default judgment against two Defendants related to a breached lease agreement on a commercial truck. *See* Mot. [9]; Am. Mot. [10]; Sec. Am. Mot. [15]. For the reasons below, the Court denies default judgment without prejudice as to one Defendant and requests further briefing as to another.

I.      Background

SFI says Defendant Jazztique LLC rented a 2022 Volvo 760 truck from SFI, recording the terms in a June 12, 2023 Lease Agreement. Compl. [1] ¶¶ 8, 9. That contract was backed by an "Unlimited Personal Guaranty" Defendant Jasmine Carter signed that same day. *Id.* ¶ 10; *see also* Guaranty [1-3] at 1–2.

Although SFI fully performed, it says Defendants did not. Compl. [1] ¶¶ 12, 13. The last partial payment occurred "in or around March 2024," leaving a balance due. *Id.* ¶ 13. SFI also claims "Defendants have intentionally prevented SFI from repossessing the Truck by concealing the Truck's location and disabling the GPS tracking device located on the Truck." *Id.* ¶ 16.[1]

---

[1] The Lease Agreement says Wisconsin law controls the lease and that the parties "agree that any claim or dispute arising from or in connection with this Lease . . . shall be brought exclusively in state or federal courts located in Brown County, Wisconsin." Lease Agreement [1-1] ¶ 31. Carter's Guaranty has the same provision. Guaranty [1-3] at 2. Carter waived any objections to venue by her default. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 942 (5th Cir. 1999). As will be seen, venue for Jazztique is not yet an issue.

SFI sued Defendants on May 16, 2024, hoping to recover the truck, the lease balance, various fees, interest, and the like, all of which it says Carter also owes as guarantor. *Id.* ¶¶ 21–25. When Defendants did not answer, SFI began its efforts to obtain default judgment, starting with a clerk's entry of default [7]. But SFI's first motion for default judgment [9] failed to include a supporting memorandum as required under local rules, so the Court ordered SFI to brief its request. Order (Sept. 11, 2024). SFI then filed its first amended motion [10] with a supporting brief [11], but the brief applied Mississippi rather than Wisconsin law. The Court therefore requested additional briefing under Wisconsin law. Order (Nov. 1, 2024). SFI then filed a second amended motion [15] and a second supporting brief [16], but that brief also left some choice of law issues unexplored.

Defendants still haven't appeared, so there has been no response. The Court has, however, considered its subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) and finds that the parties are diverse and the amount in controversy exceeds $75,000. Compl. [1] ¶¶ 4–5. The Complaint sufficiently pleads diversity jurisdiction.

II.     Standard

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). "In fact, 'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). That includes "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F.*

2

*Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).  When that happens, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  *H.F. Livermore*, 432 F.2d at 691.

The Court follows a three-step analysis.  First, is a default judgment procedurally warranted?  Second, do the pleadings support a default judgment?  Third, what relief, if any, should the plaintiff receive?  *Helena Agri-Enters., LLC v. Grand Oak Farms*, No. 3:23-CV-193-DPJ-FKB, 2023 WL 7713645, at *3 (S.D. Miss. Nov. 15, 2023) (citing *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015)).

III.   Discussion

   A.   Is Default Judgment Procedurally Warranted?

      1.   Did SFI Properly Serve Both Defendants?

Whether default judgment is procedurally warranted considers several factors, including "whether the grounds for default are clearly established."  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  SFI summarily says it has been, but absent proper service, a party will not be in default.  Nor would the Court have personal jurisdiction over that defendant.  "[A] judgment entered without personal jurisdiction is void.  It should therefore be apparent that a district court has the duty to assure that it has the power to enter a valid default judgment."  *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (finding "no error in raising the issue of personal jurisdiction sua sponte" in appeal from denial of default judgment) (citing *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278 (5th Cir. 1987)).

Whether proper service occurred is different for the two Defendants because Carter is an individual and Jazztique is a limited-liability corporation.  The Court will examine both.

***Defendant Carter:*** Service of process on an individual must comply with Federal Rule of Civil Procedure 4(e), which allows service by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the Individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

SFI's process server went to Carter's residence and found a man who said Carter was "inside asleep." Return [6-2] at 4. The man—who identified as Carter's husband—then entered the residence and reported that she was still asleep; he asked, "[C]an I take the papers?" *Id*. The server left the papers with the husband and stressed their importance to Carter. *Id*. This satisfies Rule 4(e)(2)(B) as SFI asserts. So service was complete upon Carter individually. Carter never answered, and the Clerk of Court appropriately entered default. *See* Clerk's Entry of Default [7].

***Defendant Jazztique:*** Jazztique is a different story. SFI says it complied with Rule 4(h)(1)(B) and Rule 4(e)(1) when it served Jazztique through Carter (i.e., by leaving the papers with the man claiming to be her husband at her residence). Pl.'s Mem. [16] at 2. But SFI provides no analysis to support its position.

Rule 4(h)(1) is the appropriate starting place. It allows service of process

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

4

>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(1).

Rule 4(h)(1)(A) incorporates "Rule 4(e)(1) for serving an individual" which in turn allows service "following state law for serving a summons" in either the state where the district court is found or in which service was attempted. In other words, under Rule 4(h)(1)(A), "a plaintiff can invoke state service rules for serving a corporation." *David B. Turner Builders LLC v. Weyerhaeser Co.*, No. 3:21-CV-309-KHJ-LGI, 2021 WL 5098283, at *2 (S.D. Miss. Nov. 2, 2021); *accord OYO Hotels, Inc. v. Parmar*, No. 3:23-CV-1602, 2024 WL 4051755, at *3 (N.D. Tex. Sept. 3, 2024) (looking to Texas law for serving corporations).

SFI says it complied with Federal Rule 4(e)(1) because it followed Mississippi Rule of Civil Procedure 4(d)(4). That rule permits service "[u]pon a domestic or foreign corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." At most, SFI argues that Carter's husband "was authorized by law to accept service of process *for Carter*." Pl.'s Mem. [16] at 2 (emphasis added). But that is not the same as showing he was authorized to accept service for Jazztique.

As to that question, SFI has offered no evidence suggesting that the unnamed husband was a Jazztique officer, managing or general agent, or other agent authorized by appointment or by law to accept service for the LLC. SFI just says it left process with the husband. That's not enough according to the Mississippi Court of Appeals. *See Sun South LLC v. Bayou Vista LLC*, 281 So. 3d 980, 984 (Miss. Ct. App. 2019) (finding service on spouse of LLC member

5

insufficient under Miss. R. Civ. P. 4(d)(4)). SFI has not demonstrated proper service on Jazztique under Rule 4(h)(1)(A).

That leaves Federal Rule 4(h)(1)(B), the only other provision SFI mentions. Like Mississippi Rule 4(d)(4), the federal rule allows service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Again, SFI offers no facts suggesting that the unnamed spouse held one of these positions. Nor does it cite authority suggesting that residential service on a family member satisfies Rule 4(h)(1)(B).

Other courts have found that it does not. *See Allstate Ins. Co. v. Riverside Roofing & Const., Inc.*, No. CIV A 06-5201, 2007 WL 1191785, at *3 (E.D. La. Apr. 19, 2007) (rejecting residential service through member's father) (citing *Slater v. Mid S. Extrusion*, No. CIV A 06-0728, 2006 WL 4006129, at *2 (W.D. La. Dec. 20, 2006) (holding domiciliary service on corporation "clearly insufficient")). In fact, "courts have long held that delivering papers to an adult at an officer's residence does not constitute proper service on the corporation." *Hakkasan LV, LLC v. Adamczyk*, No. 2:14-CV-1717, 2017 WL 1549508, at *2 (D. Nev. Apr. 5, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1550227 (D. Nev. Apr. 28, 2017). *Accord Trs. of Sheet Metal, Air, Rail, Transp. Workers Int'l Ass'n Loc. 27 Funds v. Cinnaminson Mech. Contrs., Inc.*, No. CV 22-6068, 2024 WL 397734, at *2 (D.N.J. Feb. 2, 2024); *Hernandez v. Domino's Pizza LLC*, No. 21-CV-6844, 2022 WL 4586352, at *1 (E.D.N.Y. Sept. 29, 2022). *See also* Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1101 (4th ed.) ("Service under this part of the rule cannot be made, as it may be made on individuals pursuant to Rule 4(e)(2), by leaving a copy of the summons and complaint

6

at the officer's or agent's dwelling house or usual place of abode with a person residing therein.") (citing cases).

Thus, the Court finds that SFI has failed to prove proper service on Jazztique. And absent proper service, Jazztique is not in default and the Court lacks personal jurisdiction over it.

That said, the Court's prior orders did not explicitly instruct SFI to address service of process. And because SFI has never been heard on this point, it should receive that opportunity. SFI has 14 days to brief why and how its service on Jazztique was sufficient. Moreover, if SFI does not show that its service on Jazztique was sufficient, the Court directs SFI to show good cause why Jazztique should not be dismissed under Rule 4(m). *See Monterey Fin. Servs., Inc. v. Scott George Motors, Inc.*, No. 5:15-CV-180, 2016 WL 8454090, at *2 (N.D. Tex. Nov. 3, 2016). Failure to brief these issues will result in an order dismissing Jazztique.

2. Is There a *Frow* Problem?

If it turns out that Carter is in default but Jazztique is not, then default judgment may be inappropriate as to both Defendants. When fewer than all defendants are in default, the "general rule" is that "a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Willis v. Seminole Furniture, LLC*, No. 1:19-CV-36-GHD-DAS, 2020 WL 8736325, at *1 (N.D. Miss. Aug. 27, 2020) (quoting *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987)). That is especially true when the plaintiff seeks to hold the two defendants liable for the same damages. *Allstate Prop. & Cas. Ins. Co. v. Moore*, No. 3:13-CV-177-DPJ-FKB, 2014 WL 1400171, at *2 (S.D. Miss. Apr. 9, 2014) (joint and several liability) (citing *Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC*, No. 1:12-CV-213-HSO-RHW, 2013 WL 5445129, at *2 (S.D. Miss. Sept. 30, 2013)).

This rule originates with *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). There, the Supreme Court held:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants . . . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Id.* at 554. Though *Frow* is old, the Fifth Circuit favorably cited it in a slightly different context in *Escalante v. Lidge*, noting that *Frow* addresses the need to avoid inconsistent judgments. 34 F.4th 486, 495 (5th Cir. 2022).

So, the next question is whether the Complaint asserts joint and several liability. It does. SFI asserts four causes of action against Carter. Count II alleges that she breached the Guaranty. That count seeks the same damages SFI seeks from Jazztique. *Compare* Compl. [1] ¶ 31 *with id.* ¶ 36. Counts III through V assert claims collectively against both Defendants. *Id.* at 6–8. So liability as to each cause of action appears to be joint and several, which potentially forecloses default judgment at this time. But this case includes a wrinkle not found in the cases cited: one Defendant, Jazztique, appears not to have been served with process.

In sum, *Frow* presents another issue SFI has not had an opportunity to address. As will be seen below, the Court denies default judgment as to Carter on the merits. If SFI renews its motion, it will need to address whether a *Frow* issue exists and, if so, how that affects SFI's motion.[2]

---

[2] In the interests of judicial economy, the Court also notes the possibility of a "finality trap." *See Helena Agri-Enters.*, 2023 WL 7713645, at *2. If SFI renews its motion, it should also address this potential issue.

Because the Court defers resolving whether a *Frow* issue exists here, it will proceed to its other concerns about granting default judgment against Carter.

B.      Do the Pleadings Support Default Judgment Against Carter?

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)). A pleading supports a default judgment if it passes muster under Federal Rule of Civil Procedure 8. *Id*. at 498. And that rule requires only that the complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten*, 788 F.3d at 498 (finding pleading sufficient for default judgment) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Apart from Count I, breach of lease against Jazztique, the Complaint pleads four counts that apply in whole or in part to Carter. Unfortunately, SFI offers little argument under the liability part of its default-judgment analysis. It merely asserts that it has sufficiently pleaded Defendants' obligations under their contracts and their breaches of them. Pl.'s Mem. [16] at 8. So the Court must examine the Complaint and those contracts for itself.

1.      Breach of Personal Guaranty

SFI alleges in Count II that Carter breached "an Unlimited Personal Guaranty (the '***Guaranty***') in which she individually, unconditionally, and irrevocably guaranteed all of Jazztique's obligations under the Lease." Compl. [1] ¶ 10. While that may be a conclusory assertion unentitled to the presumption of truth, SFI did attach the Guaranty to the Complaint.

9

The Guaranty says Carter "guarantees full and prompt payment of the Obligations *defined below* when due and payable." Guaranty [1-3] at 1 (emphasis added). The next paragraph defines those obligations.

> Obligations includes the amount of any payments made to Lessor or another by or on behalf of Lessee which are recovered from Lessor by a trustee, receiver, creditor or other party pursuant to applicable law, and to the extent not prohibited by law, all costs, expenses and attorneys' fees at any time paid or incurred before or after judgment in endeavoring to collect all or part of any of the above, or to realize upon this personal guaranty (hereinafter referred to as "Guaranty"), or any collateral securing any of the above, including those incurred in successful defense or settlement of any counterclaim brought by Lessee or the undersigned or incident to any action or proceeding brought pursuant to the United States Bankruptcy Code.

*Id.*

In other words, the obligations appear limited to "the amount of any payments made to Lessor or another by or on behalf of Lessee *which are recovered from Lessor* by a trustee, receiver, or other creditor . . . ." *Id.* (emphasis added). The Complaint alleges no such payments recovered by a third party. The obligations also include costs and expenses, including attorneys' fees, incurred "in endeavoring to collect all or part of any *of the above*," i.e., the obligation to cover payments to SFI that have been recovered by a trustee, receiver, or creditor. *Id.* (emphasis added). Since no such payments are alleged, there are no related attorneys' fees or other costs.

The Court sees no other defined obligations in the Guaranty. The document does mention the possible "creation of any present or future Obligation." Guaranty [1-3] at 1. But the Guaranty is "a complete and exclusive statement of its terms" that can be supplemented only in writing. *Id.* at 2. And SFI points to no supplemental obligation defined as such in the Guaranty or any other document. Nor has it identified relevant obligations in the Lease [1-2], and the Court sees none.

Here again, SFI never addressed any of this in its briefs. Perhaps there is a construction under Wisconsin law that would bind Carter as alleged in Count II, or maybe the Court is just

10

missing something. In either event, SFI's right to default judgment (assuming no *Frow* issues) is not apparent.³ The motion is denied as to Count II.

### 2. Remaining Counts

The Court is justified in denying default judgment on any grounds not argued by SFI. *See, e.g., ABC Supply Co. v. Shannon-Green Constr., LLC*, No. 3:23-CV-363-DMB-RP, 2024 WL 4800363, at *2 (N.D. Miss. May 14, 2024) (denying default judgment where movant did not "address why a sufficient basis in the pleadings warrants the relief sought"); *Am. Fid. Assurance Co. v. Archie*, No. 4:22-CV-39-DMB-JMV, 2023 WL 2776205, at *4 (N.D. Miss. Apr. 4, 2023) (denying default judgment where movants "fail to cite any authority or provide any argument" for relief) (citing *Gurung v. Holder*, 587 F. App'x 834, 837 (5th Cir. 2014)), *reconsideration denied*, 2023 WL 5810378 (N.D. Miss. Sept. 7, 2023); *Kirtley v. Citizens Bank, N.A.*, No. 5-19-CV-1060, 2020 WL 8093492, at *2 (W.D. Tex. Aug. 26, 2020) (advising denial of default judgment for movant's "failure to properly brief its entitlement to relief"), *report and recommendation adopted*, 2020 WL 8093497 (W.D. Tex. Sept. 14, 2020).

Because SFI never briefs why it's entitled to default judgment against Carter on any grounds outside the Guaranty—nor what damages it's entitled to on any theory besides breach of contract—the Court denies SFI's motion as to Carter. If SFI chooses to renew its motion for default judgment, it should address what effect (if any) the contractual choice-of-law clauses have in this case as to its non-contractual claims.

---

³ The Court currently sees no ambiguity, but if one exists, it would be construed in Carter's favor. "Ambiguity in contracts is generally construed against the drafter, for the reason that the drafter could have chosen the obvious terms that would have clearly established the contract right the drafter seeks. This principle applies to guaranties." *Westby-Coon Valley State Bank v. Lund*, 578 N.W.2d 209, 1998 WL 119770, at *10 (Wis. Ct. App. 1998) (unpub.) (citations omitted).

11

IV.     Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not affect the outcome. SFI's first two motions [9, 10] are denied as moot. Its Second Amended Motion for Default Judgment [15] is denied without prejudice as to Carter and taken under advisement as to Jazztique. SFI has 14 days from the date of this Order to brief the personal-jurisdiction issue and whether Jazztique should be dismissed under Rule 4(m). If SFI fails to do so, the Court will deny the motion as to Jazztique, direct the Clerk to remove the entry of default against it, and dismiss Jazztique from this suit.

**SO ORDERED AND ADJUDGED** this the 22nd day of January, 2025.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE